# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Lavar D. Brown, ) | |
| ) | Civil Action No. 5:13-cv-02499-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Lavar D. Brown ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (ECF No. 1.) This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 22).

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*Id.* at 24.) Plaintiff timely filed objections to the Magistrate Judge's recommendation. (ECF No. 25.) For the reasons set forth below, the court **ACCEPTS** the recommendation of the Magistrate Judge and **AFFIRMS** the Commissioner's final decision.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report and Recommendation. (*See* ECF No. 22.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation

1

is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on August 5, 1964, and is presently 50 years old. (ECF No. 15-5 at 18.) On March 25, 2011, Plaintiff filed an application for DIB and SSI, alleging a disability onset date of August 18, 2008, due to lower back injury, hip injury, right leg pain, and sciatic nerve problems. (*Id.* at 9; ECF No. 22 at 2.) Plaintiff's claim was denied on July 29, 2011, and again on reconsideration on October 12, 2011. (ECF No. 15-4 at 2, 12.) On May 7, 2012, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), who found on May 21, 2012, that Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act. (ECF No. 15-2 at 1, 19.) Thereafter, the Appeals Council denied Plaintiff's request for review on August 6, 2013, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (*Id.* at 2.)

Subsequently, on September 13, 2013, Plaintiff commenced this action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB and SSI. (ECF No. 1.) On November 14, 2014, the Magistrate Judge issued her recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB and SSI be affirmed. (ECF No. 22.) In the Report and Recommendation, the Magistrate Judge found that the ALJ did not err or committed only harmless error when considering Plaintiff's non-severe impairments of sleep apnea, flat feet, and epicondylitis (tennis elbow) and rotator cuff tendonitis. (*Id.* at 14, 16.) The Magistrate Judge also found that Plaintiff's vocational expert "is not an acceptable medical source for assessing Plaintiff's physical impairments" and that the ALJ properly evaluated the expert's opinion and his reason for giving it little weight, a decision

which was supported by substantial evidence. (*Id.* at 19.)  In regard to the opinion of Dr. Aymonds, Plaintiff's treating physician, "[e]ven though the ALJ erred by not specifying the weight assigned to Dr. Aymond's opinion, that error was harmless because his opinion is consistent with the ALJ's RFC [Residual Functional Capacity ('RFC')] determination," and "[f]urthermore, to the extent the ALJ did not specifically list all of the non-exertional limitations cited by Dr. James Aymond, that error is also harmless because those limitations would not significantly erode the job base at the sedentary level." (*Id.* at 23.)  Finally, the Magistrate Judge found the ALJ was in compliance with Social Security Ruling ("SSR") 00-4p, as Plaintiff's limitations were taken into account with the addition of a sit/stand option in the ALJ's RFC assessment. (*Id.* at 24.)

Plaintiff timely filed his objections to the Magistrate Judge's recommendation on December 2, 2014. (ECF No. 25.)  The Commissioner filed a response to Plaintiff's objections on December 10, 2014. (ECF No. 27.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976).  The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis,* 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept,

3

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch,* 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen,* 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek,* 438 F.2d at 1157–58.

**A. Opinions of Plaintiff's vocational expert and treating physician**

Plaintiff first objects that the "Magistrate Judge was mistaken in relying on 20 CFR Secs 404.1513 and 416.931 when evaluating the Administrative Law Judge's consideration of the expert vocational evidence Plaintiff submitted" and that it was error for the ALJ "to not find Ms. Hutchinson to be a vocational expert and to not accord some weight to her opinions based on her professional experience." (ECF No. 25 at 2.)

As an initial note, the Magistrate Judge cited §§ 404.1513 and 416.931 to note that the vocational expert is "not an acceptable medical source," not as a framework to evaluate how the ALJ considered her opinions. (ECF No. 22 at 19.) Plaintiff specifically argues that the expert's evidence "was not submitted to establish Plaintiff's impairments." (ECF No. 25 at 2.) However, Plaintiff fails to show how the Magistrate Judge's citation of the code to note that the vocational expert is not a "medical source" was in error or how it demonstrates any error by the ALJ. Further, Plaintiff's assertion that the ALJ did not consider the opinions of Plaintiff's vocational expert is incorrect. The ALJ specifically addressed the vocational expert's opinions: "[s]tatements that claimant is disabled or cannot work are not given any special significance on the issue of disability. The remainder of Ms. Hutchinson's opinion has been accorded little weight, as it is generally inconsistent with the evidence of record, including the limitations imposed by the claimant's treating physicians." (ECF No. 15-2 at 16.) Indeed, though the ALJ afforded the expert's opinion "little weight," he did in fact consider the opinion and offered an explanation as to why he gave it the weight he did. Thus, the court agrees with the Magistrate Judge and adopts her recommendation on this point.

Next, Plaintiff argues, "the opinions of Dr. Aymonds, Ms. Hutchinson and Plaintiff's testimony provide substantial evidence of the effects of his pain and pain medication on his ability to work. Plaintiff believes it was error for the Administrative Law Judge to not provide some rationale or persuasive reason for not considering this evidence." (ECF No. 25 at 3.) This assessment of the ALJ's decision, too, is incorrect. In his opinion, after a detailed recitation of the medical evidence, the ALJ noted, "The objective findings, treating physicians' August and September 2008 opinions, the March 2010 functional capacity evaluation, Dr. Aymond's treatment notes and opinions over time, Dr. Kolehma's opinion as an examining physician, and

the State agency consultants' opinions support my finding that the claimant was able to perform at least a limited range of work at the sedentary level during the majority of the relevant period." (ECF No. 15-2 at 18.)  Although, as the Magistrate Judge noted, the ALJ did not specifically note the weight he gave to Dr. Aymond's opinion, he did provide a detailed analysis of Dr. Aymond's notes and treatment history with Plaintiff and explained why he came to the conclusion he did.  As such, the court agrees with the Magistrate Judge and adopts her recommendation on this point.

**B.  Cumulative effects of Plaintiff's obesity**

Plaintiff argues the ALJ "does not explain, discuss or set out any rationale on how he evaluated the cumulative effects of Plaintiff's obesity" and argues that SSR 02-1p "requires that the Administrative Law Judge must consider any additional and cumulative effects of obesity." (ECF No. 25 at 3.)  Defendant counters that "[t]o the extent Plaintiff challenges the ALJ's Step Three determination, this argument is waived because he never presented any such argument in his initial brief (ECF No. 17) and the Magistrate Judge never addressed this issue" and that "Plaintiff never even cited to SSR 02-1p in his opening brief, and the Magistrate Judge's Report and Recommendation does not address it." (ECF No. 27 at 2.)

Plaintiff makes little mention of his obesity in his initial brief, bringing it up only in the statement of facts and in discussion in conjunction with his non-severe impairments.  (*See* ECF No. 17.)  Further, Defendant is correct that Plaintiff never cites to SSR 02-1p.  (*See id.*)  As such, this is a new argument that has not before been presented, and is therefore waived.

However, even if the court were to consider Plaintiff to have made this argument when urging the court to find error in the ALJ's consideration of obesity alongside Plaintiff's non-severe impairments, Plaintiff's argument that the ALJ does not discuss his evaluation of

6

Plaintiff's obesity in relation to his other impairments is incorrect. In his Step Three analysis, the ALJ notes, "[w]hile the claimant has been assessed with a back disorder, obesity, sleep apnea, and a history of substance abuse, there is no indication in the record that the claimant's ability to sustain consistent function has been complicated by the combination of these impairments. Although his obesity may contribute to his experience of low back pain and limited range of motion, the combination of the claimant's impairments does not impose greater limitations than those inherent in the residual functional capacity stated below." (ECF No. 15-2 at 13.) The ALJ clearly made an evaluation of the effect of Plaintiff's obesity on his other impairments, and thus Plaintiff's argument fails.

**C.  Consideration of physical impairments and compliance with SSR 00-4p**

Plaintiff offers no objection to the Magistrate Judge's findings regarding the ALJ's consideration of Plaintiff's sleep apnea, flat feet, tennis elbow, and rotator cuff injury and regarding the ALJ's compliance with SSR 00-4p. (ECF No. 25 at 1 ("Plaintiff agrees with the United States Magistrate Judge's finding that there was no reversible error with regard to compliance with SSR 00-4p. … Plaintiff does not submit an exception to the United States Magistrate Judge's recommendation that the Administrative Law Judge properly considered the combined effects of Plaintiff's non-severe impairments.").) In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199. Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315. Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based

7

upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). The court finds no clear error and adopts the Magistrate Judge's findings on these points.

### III. CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation incorporating it by reference, and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 31, 2015
Columbia, South Carolina